IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN DEFAZIO, | ) |
| Plaintiff, | ) ) ) |
| -vs- | ) ) Civil Action No. 07-546 |
| THE RIVER CITY BRASS BAND, INC., | ) ) ) ) |
| Defendant. | ) |

AMBROSE, Chief District Judge.

## MEMORANDUM OPINION and ORDER OF COURT

*Pro se* Plaintiff, John DeFazio, filed a Complaint on April 25, 2007, against Defendant, The River City Brass Band, Inc., asserting that he was terminated in retaliation for expressing his religious belief in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.* ("Title VII") and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. §951, *et seq.* (Docket No. 1). Thereafter, Plaintiff filed "Additional Amended Complaints" wherein he alleges he was slandered in retaliation for expressing his religious beliefs in violation of Title VII, the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §626(c)(1), and the PHRA. (Docket No. 5). Defendant filed a Partial Motion to Dismiss seeking dismissal of the additional PHRA

1

claim based on retaliatory slander as premature pursuant to Rule 12(b)(6)[1] and further requests that Plaintiff's averments related to the EEOC's determination and conciliation be stricken pursuant to Rule 12(f).[2]  (Docket No. 13).  Plaintiff filed a response thereto.  (Docket No. 19).  The Motion is now ripe for review.

First, Defendant asserts that Plaintiff's "Additional" PHRA claim should be dismissed as premature because Plaintiff did not plead that he cross filed a claim with the Pennsylvania Human Relations Commission ("PHRC") for the facts set forth in the "Additional Amended Complaints" or "that he received a decision or that one year had elapsed for the claims alleged in his second EEOC Charge.  (Docket No. 14, pp. 2-3).  Additionally, Defendant asserts that while Plaintiff pled allegations of retaliation by Defendant that began on September 15, 2006, in his second EEOC Charge, he did not set forth any allegations that occurred on February 25, 2006, or July of 2006.  (Docket No. 14, p. 4).  In response, Plaintiff alleges that his second EEOC Complaint was cross filed with the PHRC and that on October 2, 2007, he received his right to sue notice from the PHRC.  (Docket No. 19, ¶¶1, 3).  Plaintiff, however, does not argue that he asserted retaliatory conduct by Defendant on February 25, 2006,

---

[1] In deciding a motion brought pursuant to Rule 12(b)(6) all factual allegations, and all reasonable inferences therefrom, must be accepted as true and viewed in the light most favorable to the non-moving party. *Haspel v. State Farm Mut. Auto. Ins. Co.,* 2007 WL 2030272 *1 (3d Cir. July 16, 2007).  However, "[f]actual allegations must be enough to raise a right to relief above a speculative level." *Bell Atlantic Corp. v. Twombly,* ___U.S.___, 127 S.Ct. 1955, 1965 (2007).  In order to survive a motion to dismiss, the complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Id.* at 1969.

[2] Rule 12(f) of the Federal Rules of Civil Procedure provides, in pertinent part, as follows: "(f) Motion to Strike. Upon motion…the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  F.R.C.P. 12(f).

or July of 2006, nor does either party provide for review a copy of the EEOC Charge. Consequently, Plaintiff has failed to demonstrate that he exhausted his administrative remedies with regard to comments made on February 25, 2006, or July of 2006.  Therefore, I am granting Defendant's Motion to Dismiss Plaintiff's second PHRA claim set forth in Plaintiff's "Additional Amended Complaints" at Docket No. 5.  Nevertheless, I am permitting Plaintiff to file a "Second Amended Complaint" to set forth, in one document, all of Plaintiff's claims from the original Complaint and the Additional Amended Complaints, and to assert that he cross filed his second EEOC Charge with the PHRC and that he received a right to sue notice.  Additionally, Plaintiff is permitted to allege retaliatory conduct by Defendant on February 25, 2006, and July of 2006, only to the extent that Plaintiff pled such conduct in his second EEOC Charge filed on November 22, 2006.  Otherwise such allegations are not permitted.

Second, Defendants assert that references to the EEOC's first determination set forth in ¶29 of the Complaint and the failure of the conciliation set forth in ¶30 must be stricken because they are immaterial, impertinent, and/or scandalous. (Docket No. 13, pp. 4-5). In response, Plaintiff argues that there is nothing scandalous or impertinent about the EEOC's determination and believes it is relevant.  (Docket No. 19, ¶5).  While I make no determination at this time as to whether the EEOC's determination letter will be admissible at trial, *see, Coleman v. Home Depot, Inc.,* 306 F.3d 1333 (3d Cir. 2002), I do find that inclusion of the same within the Complaint is immaterial to state a cause of action for retaliation under Title VII or the PHRA.

Therefore, Defendants' Motion to Strike with respect to ¶29 of the Complaint is granted. To that end, Plaintiff is instructed that when he files his Second Amended Complaint he should not include or mention that the EEOC found cause to believe that Title VII was violated by Defendant.

With respect to ¶30, Defendant argues that the allegation that the EEOC's conciliation efforts failed should be stricken because "it is hornbook law that any references to settlement should be excluded from evidence." (Docket No. 14, p. 5). In response, Plaintiff argues that he did not introduce the substance of the settlement negotiations and therefore it should not be stricken. (Docket No. 19, ¶ 6). Like the EEOC determination, the fact that the EEOC conciliation failed is immaterial to state a cause of action for retaliation under Title VII or the PHRA. Therefore, Defendants' Motion to Strike with respect to ¶30 of the Complaint is granted. To that end, Plaintiff is instructed that when he files his Second Amended Complaint he should not include or mention that the EEOC conciliation process failed.

THEREFORE, this **19th** day of October, 2007, it is Ordered that the Defendant's Partial Motion to Dismiss (Docket No. 13), is granted.

It is further ordered, that Plaintiff is granted leave to file a Second Amended Complaint setting forth, in one document, all of Plaintiff's claims from the original Complaint and the Additional Amended Complaints by November 2, 2007. Therein, Plaintiff must assert that he filed a second EEOC Charge, that he cross filed it with the PHRC, and that he received a right to sue notice from the PHRC. Additionally,

Plaintiff is permitted to allege retaliatory conduct by Defendant on February 25, 2006, and July of 2006, only to the extent that Plaintiff pled such conduct in his second EEOC Charge filed on November 22, 2006.  Finally, Plaintiff is not permitted to mention in the Second Amended Complaint that the EEOC found cause to believe that Title VII was violated by Defendant or that the conciliation process failed.

BY THE COURT:

/S/   Donetta W. Ambrose

Donetta W. Ambrose,
Chief U. S. District Judge