IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN DEFAZIO, | ) |
| | ) |
| Plaintiff, | ) |
| -vs- | ) |
| | ) Civil Action No. 07-546 |
| THE RIVER CITY BRASS BAND, INC., | ) |
| | ) |
| Defendant. | ) |

AMBROSE, Chief District Judge.

## MEMORANDUM OPINION and ORDER OF COURT

*Pro se* Plaintiff,[1] John DeFazio, filed a Second Amended Complaint on November 1, 2007, against Defendant, The River City Brass Band, Inc., asserting that he was terminated in retaliation for expressing his religious belief in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.* ("Title VII") and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. §951, *et seq.* (Docket No. 22). Defendant filed a Partial Motion to Dismiss seeking dismissal of the Plaintiff's claims of retaliation pre-dating September 15, 2006, and not involving retaliation as a result of the issuance of the EEOC Determination on his June 2005 Charge. (Docket No. 23). Additionally, Defendant requests a more definite statement with respect to Paragraph 38 of his Second Amended Complaint. *Id.*

With respect to Defendant's Motion for Partial Dismissal, Defendant asserts Plaintiff's retaliation claim is limited to retaliation that occurred "on or about September 15, 2006, as Plaintiff stated in his Charge" and that Plaintiff failed to

---

[1] Plaintiff was *pro se* at the time he filed his Amended Complaint. Plaintiff's response to the pending Motion to Dismiss was filed by his newly retained counsel. *See,* Docket Nos. 22, 28-30.

exhaust his administrative remedies with regard to any time frame prior to September 15, 2006. (Docket No. 24, pp. 4-5, citing Second Amended Complaint at Docket No. 22, ¶¶ 35-36). To that end, Defendant asserts that any retaliation claim based on conduct prior to September 15, 2006, must be dismissed. (Docket No. 24, p. 5). Specifically, Defendant points to paragraphs 35 and 36 of the Second Amended Complaint which aver, in pertinent part, as follows:

> 35. On or about February 25, 2006, within 300 days of the filing of the Plaintiff's second EEOC Charge on November 21, 2006, during the RCBB Florida Tour, Cindy Geib...made many statements about plaintiff regarding Plaintiff's inability to perform with the RCBB and made accusations blaming Plaintiff for mismanaging the entire Florida tour.
>
> 36. In the month of July 2006, Drew Fennell,...made false statements about Plaintiff with intent to harm Plaintiff's future employment prospects during a rehearsal at the Benedum Center for the Arts in front of other professional musicians....

(Docket No. 22, ¶¶35-36).

"Federal courts lack jurisdiction to hear Title VII claims unless a claim was previously filed with the EEOC." *Trevino-Barton v. Pittsburgh Nat'l Bank*, 919 F.2d 874, 878 (3d Cir. 1990), *citing Alexander v. Gardner Denver Co.*, 94 S.Ct. 1011, 1019 (1974).

> The relevant test in determining whether appellant was required to exhaust her administrative remedies, therefore, is whether the acts alleged in the subsequent Title VII suit are fairly within the scope of the prior EEOC complaint, or the investigation arising therefrom.

*Waiters v. Parsons*, 729 F.2d 233, 237 (3d Cir. 1984). In other words, if the Plaintiff

filed a charge with the EEOC alleging retaliation that occurred prior to September 15, 2006, or if the EEOC investigated the same with regard to Plaintiff's case, then this Court has jurisdiction to hear said claim.

In opposition, Plaintiff argues that the allegations contained in paragraphs 35 and 36 of the Second Amended Complaint were fairly within the scope of the first Charge filed by Plaintiff on June 17, 2005. (Docket No. 30, p. 6-7). A review of the charge of discrimination and the scope of the same, however, do not reveal that the specific allegations of retaliation set forth in paragraphs 35 and 36 were within the Charge or the scope of the investigation resulting from the first Charge filed by Plaintiff. *See,* Docket No. 30, Exs. 1-5; *see also,* Docket No. 23, Ex. A.

Plaintiff further argues that he provided additional allegations to his second Charge received by the EEOC on November 21, 2006. (Docket No. 30, Ex. 6). From this document, it does appear that the allegations set forth in paragraphs 35 and 36 were brought to the attention of the EEOC and could fairly be considered to be a part of the scope of the investigation of the second Charge filed by Plaintiff. As a result, I find that Plaintiff has exhausted his administrative remedies with regard to the allegations contained in paragraphs 35 and 36. Consequently, Defendant's Motion for Partial Dismissal is denied.

With respect to Defendant's request for a more definite statement, Defendant asserts that while Plaintiff alleges that Linda Resnick of the RCBB made false accusations and statements about him, he failed to allege the date upon which this action occurred. (Docket No. 24, p. 6, *citing,* Second Amended Complaint at

Docket No. 22, ¶38). Specifically, paragraph 38 avers as follows:

> 38. Linda Resnick, RCBB Touring Coordinator falsely accused the Plaintiff many times of emaling presenters and falsely accused the Plaintiff of saying bad things about the RCBB.

(Docket No. 22, ¶38). To that end, Defendant requests that paragraph 38 be stricken pursuant to Rule 12(e)[2] and that Plaintiff be permitted to replead ¶38 only to the extent that the alleged conduct occurred on or after September 15, 2006. (Docket No. 24, p.6). In response, Plaintiff asserts, in essence, that the statement in paragraph 38 is not so vague or ambiguous that Defendant cannot prepare a response. I agree with Plaintiff. Consequently, Defendant's Motion for a More Definite Statement (Docket No. 23) is denied.

THEREFORE, this **11th** day of December, 2007, it is Ordered that Defendant's Partial Motion to Dismiss Plaintiff's Second Amended Complaint and Motion for More Definite Statement (Docket No. 23), is denied.

BY THE COURT:

/S/ Donetta W. Ambrose

Donetta W. Ambrose,
Chief U. S. District Judge

---

[2] Rule 12(e) provides, in pertinent part, as follows: "A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response...." F.R.C.P. 12(e).